IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DECEMBER CHRISTINA BLACKSTON,  )
                    )
      Plaintiff,               )
                    )
  -vs-                   )    Civil Action No.  17-313
                    )
NANCY A. BERRYHILL,[1]           )
COMMISSIONER OF SOCIAL SECURITY,  )
                    )
      Defendant.            )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11, 13 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 12).

**I.**    **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Plaintiff filed her application alleging disability since August of 2013. (ECF No. 8-6, pp. 2, 4). Administrative Law Judge ("ALJ"), Lamar W. Davis, held a hearing on August 6, 2015. (ECF No. 8-2, pp. 30-58). On September 17, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 17-26).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Mischaracterization of Evidence

Plaintiff first argues that remand is warranted because the ALJ mischaracterized or failed to account for all of the documented mental limitations, specifically her auditory and visual hallucinations, when determining her residual functional capacity ("RFC").[2] (ECF No. 11, pp. 2-7). An ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000); *Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. *Id.*

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels with certain exceptions. (ECF No. 8-2, p. 21).

3

In this case, the ALJ summarizes over 600 pages of medical records in two short and cryptic paragraphs. (ECF No. 8-2, pp. 22-23). He concludes the first paragraph by stating that he "recognize[s] the claimant alleges she experiences hallucinations; however, with the exception of one presentation on November 12, 2012, when she alleged she had been seeing things and not reporting it, the record does not substantiate this symptom." (ECF No. 8-2, pp. 22-23). A review of the record reveals that is not a correct statement. From 2010 through 2015, the record is replete with documentation that Plaintiff presented that she experienced hallucinations. (ECF No. 8-2, pp. 13, 14, 15, 17, 20, 21, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 35, 36, 44, 45, 46; No. 8-13, pp. 8, 10, 12, 16, 18, 20, 22, 23, 26, 29, 30, 33, 34; No. 8-18, pp. 17, 18, 20; No. 8-25, pp. 24, 30; No. 8-23, pp. 6, 39; No. 8-26, pp. 9, 10). This misrepresentation by the ALJ is such that I cannot tell if the ALJ failed to review these records or if he reviewed and rejected the same. As a result, I am unable to conduct a meaningful review. Consequently, I find remand is warranted.

### C. <u>Opinion Evidence</u>

Plaintiff next submits the ALJ erred when failed to properly analyze the opinions of Plaintiff's treating providers. (ECF No. 11, pp. 7-13). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

4

substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where. . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, the ALJ gave little weight to the assessment of Dr. Barwell, Plaintiff's treating physician. (ECF No. 8-2, p. 23). In so doing, however, the ALJ completely fails to list even one reason to base this conclusion. *Id.* Simply put, without more, I cannot find the ALJ's opinion is based on substantial evidence and remand is warranted.

With regard to the opinion evidence from Leann Romitti, MSCP, Plaintiff's counselor, the ALJ gave it little weight because she is "not an acceptable medical source and her assessment is inconsistent with the medical record." (ECF No. 8-2, p. 23). There is no dispute that Ms. Romitti is not an acceptable medical source and alone cannot be given controlling weight to establish a medically determinable impairment, but that alone does not mean that she should be given little weight automatically. She is an "other source." SSR 06-03p. Social Security Ruling

5

06-03p provides that an ALJ will consider evidence from such "other sources" in determining whether a disability exists as they may provide insight into the severity of the impairment and the ability of the individual to function. As such, an ALJ should weigh this evidence with the rest of the evidence using the same factors, including: how long the source has known and how frequently the source has seen the individual; how consistent the opinion is with other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the source explains the opinion; whether the source has a specialty or area of expertise related to the individual's impairment; and, any other factor that tends to support or refute the opinion. *Id.* Looking at the ALJ's decision, I find he entirely fails to apply this to Ms. Romitti's opinion. (ECF No. 8-2, p. 23). The ALJ simply concludes that Ms. Romitti's opinion is inconsistent with the medical record and completely fails to provide any basis for the same. *Id.* An ALJ may reject portions of evidence, but he/she must provide detailed reasons for doing so. The failure to provide an explanation prohibits me from conducting a proper and meaningful review. Therefore, I find the ALJ erred in this regard.[3] Consequently, remand is warranted on this issue as well.

### D. <u>Supportive Living Environment</u>

Plaintiff asserts that the ALJ erred in determining her RFC by failing "to consider Plaintiff's supportive living environment and/or need for ongoing accommodations related to her mental impairments." (ECF No. 11, pp. 13-16). When making the RFC assessment, an ALJ must consider, *inter alia,* a plaintiff's need for a structured living environment. SSR 96-8p. The Program Operations Manual System (POMS) DI 34001.032(D)(1) provides:

---

[3] I note that Defendant proffered *post hoc* rationalizations for the ALJ's opinion. It is well established that "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *SEC v. Chenery Corp.,* 318 U.S. 80, 87 (1943). As such, "'[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision;' the Commissioner may not offer a post-hoc rationalization." *Keiderling v. Astrue,* No. Civ.A. 07–2237, 2008 WL 2120154, at *3 (E.D.Pa. May 20, 2008) (quoting *Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir.2000)); *See, Fargnoli v. Massanari,* 247 F.3d 34, 44 n. 7 (3d Cir.2001). As a result, I will not consider such rationalizations.

**Mental Disorders**

D.  **How do we consider psychosocial supports, structured settings, living arrangements, and treatment?**

>   1. *General.* Psychosocial supports, structured settings, and living arrangements, including assistance from your family or others, may help you by reducing the demands made on you. In addition, treatment you receive may reduce your symptoms and signs and possibly improve your functioning, or may have side effects that limit your functioning. Therefore, when we evaluate the effects of your mental disorder and rate the limitation of your areas of mental functioning, we will consider the kind and extent of supports you receive, the characteristics of any structured setting in which you spend your time, and the effects of any treatment.

In this case, Plaintiff was at all relevant times living as a resident at Wood Street Commons, a supportive housing arrangement in which she received mental health treatment. (ECF No. 8-2, pp. 42, 53; No. 8-15, p. 5). While the ALJ acknowledged the fact that Plaintiff lives in a supportive environment, he failed to evaluate the effects of her mental disorder and rate the limitation of her areas of mental functioning in the context of the same, nor did he consider the characteristics of her structured setting in which she spends her time. *See*, ECF No. 8-2, pp. 21-24). On remand, the ALJ is instructed to consider the effects of Plaintiff's mental disorder and rate the limitation of her areas of mental functioning in the context of her supportive living environment.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DECEMBER CHRISTINA BLACKSTON,　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　-vs-　　　　　　　　　　　　　　　　)　　Civil Action No. 17-313
　　　　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,[4]　　　　　　　)
COMMISSIONER OF SOCIAL SECURITY,　)
　　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　　)

AMBROSE, Senior District Judge

## ORDER OF COURT

AND now, this 16th day of April, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is granted and Defendant's Motion for Summary Judgment (ECF No. 12) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　s/ Donetta W. Ambrose
　　　　　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　　　　　United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.